■ In the Matter of JOEL CRYSTAL, as President of Long Beach Classroom Teachers Association, et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF LONG BEACH, Respondent.—In a

proceeding pursuant to CPLR article 78, *inter alia*, to compel respondent to reinstate the individual petitioners to their positions as school nurse teachers, the appeal is from a judgment of the Supreme Court, Nassau County, entered October 18, 1976, which, in effect, dismissed the proceeding. Judgment affirmed, with $50 costs and disbursements. The seven individual petitioners-appellants had been appointed to six school nurse teacher positions and one dental hygienist position by the respondent. These positions were within special or "vertical" tenure areas, while the teachers of academic subjects were all in "horizontal" tenure areas. In the course of a 1975 fiscal overhaul, the positions of the individual appellants were abolished by respondent in accordance with subdivision 2 of section 2510 of the Education Law. Special Term dismissed the proceeding on the ground that the positions abolished were traditional special tenure areas and, citing *Steele v Board of Educ.* (40 NY2d 456), held that the tenure areas had not been " 'radically restructured' without reference to some controlling regulations or express standards". The contention on appeal is that subdivision 2 of section 2510 of the Education Law is unconstitutional as it has been applied to the individual appellants. They argue that they are members of the class of teachers entitled to rights of tenure, and that to place them in a narrow vertical tenure area and abolish their positions while not abolishing the positions of those teachers who are less tenured in the horizontal tenure areas is a violation of equal protection. Unequal application of a statute which is fair on its face does not violate equal protection without an element of intentional or purposeful discrimination *(Snowden v Hughes,* 321 US 1; *People v Acme Markets,* 37 NY2d 326). The burden of proving discriminatory enforcement is upon the complainant and that burden is not lightly met *(People v Acme Markets, supra).* The petitioners have presented no evidence of intentional discrimination and their claim cannot be upheld. Insofar as petitioners attack the constitutionality of "vertical" tenure for the positions of school nurse teacher and dental hygiene teacher, their contentions are without merit. The classification of these positions in a "vertical" tenure area has a rational basis and is not discriminatory. Hopkins, J. P., Suozzi, Margett and Hawkins, JJ., concur.